# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 6:19-mj-00087-MK |
| v. | |
| GREGORY ADAMS, | ORDER GRANTING DEFENDANT RELEASE ON CONDITIONS |
| Defendant. | |

Gregory Adams is charged by complaint with travel with intent to engage in illicit sexual activity and attempted receipt of child pornography. These charges carry with them a presumption of detention. Mr. Adams seeks release claiming that his physical condition is sufficient to rebut the presumption of detention.

*Brief Discussion of Relevant Facts*

The Criminal Complaint (ECF No. 1) and attending affidavit provide a detailed description of the conduct underlying the charged crimes. At the detention hearing the government proffered evidence including the defendant's prior criminal history. The history involved a violent person crime for which the defendant served a mandatory minimum sentence with the Oregon Department of Corrections for 180 months. The government also disclosed there was no prior criminal history involving any sex-related crimes or crimes involving minors. The defendant did, however, travel to the Philippines to engage in sexual contact with a minor child who was 16 years old. At the detention hearing, defendant's attorney did not dispute that

defendant had sexual contact with a 16-year old child, but disputed that the government could not carry its burden of proof as it relates to the other elements of the charged crimes.

Additionally, the defendant proffered medical evidence outlining the extent of the defendant's medical conditions and extensive treatment associated with diabetes, heart conditions and several open sores on defendant's legs. Both parties examined the medical director at Sheridan, Dr. Grasley.

The defendant's sister, Julie Martinez-Mendez, testified at the hearing. She explained that the defendant and she lived in a 35-foot RV, she provided treatment support for the defendant, dressed his wounds, transported defendant to his medical appointments and was capable and willing to supervise the defendant 24-hours a day. This witness testified she was also willing to ensure that defendant complied with all conditions of release, and that she would be willing to discontinue internet service in the RV to restrict the defendant's internet and communications access.

Finally, after the hearing the Court received several email communications from both the government and the defense in which the defense outlines several ongoing concerns with the purported delay in defendant's treatment for his medical conditions. As of this date of this Order a cardiology exam has yet to be scheduled although Dr. Grasley testified that he believed it likely had been scheduled prior to the June 26 detention hearing. The email communications outline incidents in which the defendant has either become dizzy or lost consciousness and has been injured as a result. Further, despite wound care recommendations for compression socks, those therapeutic measures have not been provided to date.

### *The Presumption of Detention*

Under the Bail Reform Act, 18 U.S.C. § 3142, et seq., which governs the detention of a

defendant pending trial, a court shall order a defendant detained if, after a hearing, it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The United States bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir. 1986).

Where, as here, there is probable cause to believe that the defendant committed an offense under, *inter alia*, 18 U.S.C. §§ 2423 or 2252(a), involving a minor victim, there exists a rebuttable presumption that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C.A. § 3142(e)(3)(E).

Thus, in these cases, the burden of proof shifts to the defendant to rebut the presumption of dangerousness. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986); *cf. United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (noting that in terrorism case involving presumption, "the presumption shifts a burden of production to the defendant, [but] the burden of persuasion remains with the government"). Even if the presumption is rebutted, however, the presumption does not disappear, and it continues to carry evidentiary weight. *See Hir*, 517 F.3d at 1086 ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." (*citing United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986)).

The Ninth Circuit has held that a court should consider the following facts if a defendant

proffers evidence to rebut the presumption of dangerousness:

> (1) the nature and circumstances of the offense charged,[]; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Hir*, 517 F.3d at 1086; *see also* 18 U.S.C. § 3142(g).

**Consideration of *Defendant's Medical Condition with Respect to Release***

Both parties agree the Court may consider Mr. Adams's physical ailments as a mitigating factor regarding the danger Mr. Adams poses to society. Once the defense provides evidence regarding physical health that mitigates dangerousness, the government must show through clear and convincing evidence the defendant still poses a danger to society. 18 U.S.C. § 3142(f)(2)(B).

Release for a presumptively dangerous defendant is only appropriate when a defendant produces evidence of an extraordinary life-threatening medical condition the BOP cannot treat and further shows the safety of the community may be reasonably assured through conditions of release. *United States v. Johnston*, No. 17-00046 (RMM), 2017 WL 4277140 (D.D.C. Sept. 27, 2017); *compare United States v. Caraballo*, 185 F. Supp. 2d 143, 144-45 (Dist. Puerto Rico 2002) (ordering release under §3142 of defendant who was partially paraplegic, suffered loss of use of three of his four limbs and BOP was not treating him due to open sores), *and United States v. Scarpa*, 815 F. Supp. 88, (E.D.N.Y. 1993) (ordering release under exceptional circumstances provision for defendant who was diagnosed with terminal AIDS and was shot in the face, requiring reconstructive surgery), *with United States v. Birbragher*, 2008 WL 1883504 (N.D. Iowa 2008) (denying requested release under exceptional circumstances provision for defendant who could have gallbladder surgery performed through BOP).

In *Johnston*, the defendant was charged with travel with intent to engage in illicit sexual conduct and had a prior history of sexually molesting his daughter. *Johnston*, 2017 WL 4277140, *4. The court noted the defendant's life was endangered by his colon cancer because the defendant's doctors stated he needed an immediate diagnosis and he required surgery. *Id.* at *5. The court was concerned the defendant had not been scheduled for a treatment referral by the prison after several months of the defendant's requests. *Id.* Moreover, the court concluded the safety of the community would be reasonably assured despite the other dangerous characteristics the defendant displayed because the district had technology to monitor the defendant's computer access constantly and alert the police in case of an access violation. *Id.* at *6-7. The defendant would also use an electronic monitoring anklet and would be subject to his wife's supervision at all times while she worked from home. *Id.* at *7. Because the defendant had an immediate life-threatening medical situation the BOP could not treat and the defendant would be monitored at all times, the defendant had rebutted the presumption of danger; however, the court reserved the right to return the defendant to custody when his medical emergency resolved. *Id.* at *9.

A defendant must show that the court can rely on his or her good faith compliance with the terms of his or her release before a court can conclude the defendant no longer poses a danger to society. *Tortora*, 922 F.2d, 887; *see also United States v. Hir*, 517 F.3d 1081, 1092 (9th Cir. 2008) (citing to *United States v. Tortora*, 922 F.2d 880, 886 (1st Cir. 1990).[1] In *Tortora*, the court found a defendant's actions showed he would manipulate or circumvent his release terms. *Id.* at 886. First, the court noted the defendant had an extensive criminal history including multiple robberies. *Id.* Second, the court noted the defendant had committed his most recent crimes while on probation for prior felonies. *Id.* Third, the court noted the defendant had no

physical ailments preventing recidivism. *Id.* Because the defendant's actions demonstrated a commitment to crime and the terms of his release could be circumvented or manipulated, the court found it could not rely on the defendant to obey his release conditions. *Id.* at 888-89. Thus, the court held the defendant still posed a danger to society. *Id.* at 890.

The case at hand is much like that in *Johnston*. Every case is factually unique, and this case is no exception. I am ordering pre-trial release on conditions. The *Walsh* conditions must be imposed. He will also remain on house arrest. He may attend medical appointments and court appearances, but is not authorized without prior court approval to travel anywhere else. His sister, Julie Martinez-Mendez, must be able and willing to supervise the defendant at all times. If the defendant fails to comply with every term of his release, this Court will order detention immediately.

I would not order release but for the finding that his extensive and debilitating medical conditions, along with the appropriately restrictive release conditions, cause him to not be a danger to the community or a flight risk.

DATED this 10th day of July 2019.

                                              s/Mustafa T. Kasubhai
                                              MUSTAFA T. KASUBHAI
                                              United States Magistrate Judge